UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00283-MOC

| | | |
|---|---|---|
| **ERIC CREIGHTON SAMPSON,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

**THIS MATTER** is before the court on preliminary review of the government's Amended

Response (#13) and petitioner's Amended Reply (#14) to the Amended Response. Both sides have

presented excellent arguments, which will require additional briefing and filings.

First, the respondent states at page 11 of its Amended Response to the petition that

petitioner's

> challenge to the adequacy of his assault-on-a-female convictions as "crimes of
> violence" under the career-offender guideline is necessarily predicated on the
> Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in
> which the Court held that the residual clause of the Armed Career Criminal Act, 18
> U.S.C. § 924(e), is unconstitutionally vague.

Amended Response at 11. The government goes on to argue that any such claim, if it was raised,

should be dismissed as procedurally defaulted. In reviewing the arguments, the court is not certain

whether petitioner has fully stated his Johnson claim in his petition and whether the respondent's

position has changed in light of this year's developments in Johnson. The court would like this

issue to be fully explored by petitioner through the filing of a supplement to his Amended Reply

and for petitioner to move to amend the petition under Rule 15, Fed.R.Civ.P., *if* petitioner's counsel

determines that the Johnson claim needs clarification.

Second, petitioner makes an interesting argument distinguishing respondent's reliance on United States v. Foote, 784 F.3d 931 (4th Cir. 2015), by arguing that he was sentenced under the then *mandatory* guidelines while *Foote* was sentenced under the now advisory guidelines. In Foote, the appellate court held that sentencing a defendant "pursuant to *advisory* Guidelines based on a career offender status that is later invalidated does not meet this remarkably high bar." Id. at 936 (emphasis added). As pointed out by petitioner, the Fourth Circuit has not yet had occasion to address whether the sentencing of a defendant pursuant to *mandatory* guidelines based on a career offender status that is later invalidated meets or does not meet this high bar. As this case may very well be that case, the court would like further briefing that fully develops this issue. To that end, the court will instruct respondent to file a Surreply to that argument. After reviewing all the briefing, the court may calendar this matter for oral arguments.

\*\*\*

While there certainly seems to be no shortcuts in resolving these types of cases, which are now legion, respective counsel for the parties are encouraged to discuss amicable resolution.

## ORDER

**IT IS, THEREFORE, ORDERED** that, within 30 days, counsel for petitioner shall file a Supplement to his Amended Response and any Motion to Amend counsel for petitioner deems appropriate, and respondent shall file its Surreply. In light of the § 2255 caseload, the court will entertain any joint motion resetting such deadlines to accommodate counsels' schedules.

Signed: August 29, 2016

Max O. Cogburn Jr.
United States District Judge

2